IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| LAURA X GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| EL CANTON REGIO CORPORATION. | ) |
| dba Canton Regio Restaurant | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Laura X. Gonzalez, by counsel and as her Complaint for Declaratory and Injunctive Relief against Defendant El Canton Regio Corporation, states as follows:

INTRODUCTION

1. Plaintiff Laura X. Gonzalez brings this action for declaratory, injunctive and equitable relief to enforce the rights of individuals who are disabled as required under Title III of the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12101 *et seq*. and the ADA Amendments Act of 2008.

PARTIES, JURISDICTION & VENUE

2. Plaintiff is a resident of Cook County in the State of Illinois.

3. Defendant El Canton Regio Corporation is a corporation organized under the laws of the State of Illinois and does business as a restaurant open to the public at 1510 W 18th Street, Chicago, Illinois.

4. Plaintiff invokes this Court's federal question jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

6. Plaintiff suffers from cerebrovascular accident ("CVA") with right sided hemiparesis, and for mobility relies upon the assistance of a hemi walker / cane or an electric wheel chair.

7. Defendant owns, leases, leases to a third party or operates in Chicago, Illinois a restaurant open for business to the public.

8. Plaintiff attempted to patronize Defendant's restaurant during Defendant's regular business hours.

9. Plaintiff has suffered, is continuing to suffer and / or has reasonable grounds for believing that Plaintiff is about to be subjected to discrimination on the basis of disability regarding Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant to the public.

10. Shortly following her attempted visit to Defendant's restaurant, on June 16, 2017, Plaintiff caused to be conducted an investigatory survey of Defendant's premises which determined multiple violations of the ADA, each of which individually, and taken together as a whole, has subjected, subjects or is reasonable grounds for believing that Plaintiff is about to be subjected to, discrimination on the basis of disability. Plaintiff attaches the survey as Exhibit A to this Complaint and incorporates by reference herein the ADA violations cited within the survey.

11. Plaintiff suffers a real and immediate threat of future violations of the ADA by Defendant in that Plaintiff's ability to access, use or enjoy all or some of the products, services and facilities available to the public remain and continue to be hindered or prevented by barriers to accessibility.

## LEGAL CLAIM

12. Plaintiff has a "disability" as defined in the ADA, 42 U.S.C. § 12102.

13. Defendant owns, leases, leases to a third party, or operates a place of "public accommodation" as defined under Title III of the ADA, 42 U.S.C. § 12181.

14. Plaintiff has been subjected to, is being subjected to, and / or has reasonable grounds for believing that Plaintiff is about to be subjected to, discrimination on the basis of disability.

15. As a result of Defendant's one or more unlawful acts, Plaintiff has been required to engage legal counsel and has incurred attorney fees, which are compensable to Plaintiff pursuant to 42 U.S.C. § 1988 and / or 42 U.S.C. § 12205.

16. As a result of Defendant's one or more unlawfult acts, Plaintiff has been required to incur costs including, but not limited to, expert witness fees, which are compensable to Plaintiff pursuant to 42 U.S.C. § 1988 and / or  42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.  Issue a declaratory judgment declaring that Defendant's premises, actions, omissions, policies and / or practices violate rights guaranteed to Plaintiff under the ADA;

B.  Issue a permanent injunction ordering the Defendant to bring into compliance with the ADA all violations determined by the ADA survey conducted at the request of Plaintiff;

C. Retain jurisdiction over this action until the Court determines that Defendant has brought into compliance with the ADA all violations determined by the ADA survey conducted at the request of Plaintiff;

D. Award Plaintiff's attorney fees and costs, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205; and

E. Issue such other order as this Court may deem just and proper.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ David M. Henn
David M. Henn, Indiana Supreme Court #18002-49
David.Henn@HHCFirm.com

HENN HAWORTH CUMMINGS & PAGE
1634 W. Smith Valley Road, Suite B
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax